**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52569**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: January 7, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| TONY LEE SHIPMAN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Second Judicial District, State of Idaho, Latah County. Hon. John C. Judge, District Judge.

Judgment of conviction and unified sentence of three years, with a minimum period of incarceration of one year, for possession of a controlled substance, <u>affirmed.</u>

Erik R. Lehtinen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

———————————————————

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

———————————————————

PER CURIAM

Tony Lee Shipman was found guilty of felony possession of a controlled substance, methamphetamine, Idaho Code § 37-2732(c)(1).[1] The district court imposed a unified sentence of three years, with a minimum period of incarceration of one year, suspended the sentence, and placed Shipman on a term of probation. Shipman appeals, contending that his sentence is excessive.

---

[1] Shipman was also found guilty of misdemeanor possession of a controlled substance, marijuana, Idaho Code § 37-2732(c)(3), and possession of drug paraphernalia, I.C. § 37-2734A, and was sentence to credit for time served. Shipman does not challenge these sentences on appeal.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Shipman's judgment of conviction and sentence are affirmed.